Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9034 | **DATE** | 1/3/2012 |
| **CASE TITLE** | Robert Gilbert (#B-35431) vs. City of Melrose Park, Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is directed either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee. The clerk is directed to send the plaintiff an i.f.p. application along with a copy of this order. Failure of the plaintiff to comply by January 30, 2012, will result in summary dismissal of this case. The plaintiff is advised that he must provide the court with the original plus a judge's copy of every document filed.

*/s/ Suzanne B. Conlon*

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, two Melrose Park police officers, violated the plaintiff's constitutional rights by obtaining both a search warrant and an arrest warrant in 2004 without establishing probable cause.

The plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, **(CONTINUED)**

mjm

## STATEMENT (continued)

if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from June 20, 2011, through December 20, 2011].

The plaintiff must, by January 30, 2012, **either** file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full $350 filing fee. The clerk will furnish the plaintiff with an *in forma pauperis* application along with a copy of this order. Failure of the plaintiff to comply by January 30, 2012, will result in summary dismissal of this case.

The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed. The plaintiff is also advised to research the statute of limitations for 1983 actions before taking any further steps.

*Suzanne B. Conlon*