IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT GILBERT,           )
                          )
          Plaintiff,      )
                          ) Civil Action No.: 11 C 9034
     v.                   )
                          ) Suzanne B. Conlon, Judge
CITY OF MELROSE PARK, IL.,)
DET. JOHN SCATCHELL #25,  )
DET. ANTHONY GRECO, IN THE)
INDIVIDUAL CAPACITIES OF EACH )
OFFICER, AS CITY EMPLOYEE(S), )
                          )
          Defendants.     )

## MEMORANDUM OPINION AND ORDER

Robert Gilbert, *pro se*, brings this case pursuant to 42 U.S.C. §1983 against the City of Melrose Park[1] and two Melrose Park police detectives, John Scatchell and Anthony Greco (collectively "defendants"). He claims false arrest and malicious prosecution. Defendants move to dismiss for failure to state a claim. For the reasons explained below, their motions are granted.

### I. Background

The following facts are derived from Gilbert's complaint, filed on January 26, 2012. On August 25, 2004 Torsten H. Korthase was shot at 3017 West Lake Street in Melrose Park, Illinois. Members of the Melrose Park police department, including Anthony Greco ("Greco") and John Scatchell ("Scatchell"), investigated the shooting. Eventually, a warrant for Gilbert's

---

[1] The Village of Melrose Park states it has incorrectly been sued as the City of Melrose Park. City's Br. at 1. For the sake of clarity, the court refers to the City of Melrose Park in this opinion.

1

arrest issued in connection with the shooting. Greco was responsible for obtaining the warrant for Gilbert's arrest. Greco allegedly had no probable cause to seek Gilbert's arrest. Scatchell, the lead investigator on the case, testified before the grand jury regarding the investigation. Though Scatchell failed to corroborate the facts in his investigation with those of other investigators on the case and failed to personally interview the victim, Gilbert claims Scatchell maliciously misled the grand jury into believing he had first-hand knowledge of the facts concerning the shooting. Gilbert first learned of the detectives' alleged misconduct during his trial. Gilbert concludes that the actions of Greco and Scatchell resulted in Gilbert's false arrest and malicious prosecution. Finally, Gilbert alleges their actions were the result of policies maintained by the City of Melrose Park in failing to adequately train, supervise and control its police officers.

## II. Analysis

### A. Legal Standard

A motion to dismiss may challenge the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, all well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint need only provide a short and plain statement giving defendants fair notice of the nature and basis of each claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tamayo*, 526 F.3d at 1081; Fed. R. Civ. P. 8(a)(2). This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp.*, 550 U.S. at 555. Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than mere speculations. *Id.* at 555, 569;

*Tamayo*, 526 F.3d at 1083. *Pro se* pleadings are liberally construed. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

**B. Gilbert's False Arrest Claim Under 42 U.S.C. §1983**

*1. Gilbert's claim is barred by the statute of limitations.*

Defendants contend that Gilbert's false arrest claim is time-barred. (Dets.' Br. at 9, City's Br. at 8.) A statute of limitations provides an affirmative defense, and a plaintiff need not plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets forth the elements of an affirmative defense, dismissal at the complaint stage is appropriate. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Also, when it is plain from the complaint that there exists a valid affirmative defense "the suit can be regarded as frivolous" and the district court need not wait for an answer before dismissing the suit. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Since the relevant dates relating to the pertinent limitations period are either included in Gilbert's complaint or are matters of public record, defendants may raise this argument at the motion to dismiss stage. *Fischer v. Caterpillar, Inc.*, No. 11 C 1665, 2011 WL 3704727, at *2 (N.D. Ill. Aug. 23, 2011) (Der–Yeghiayan, J.); *cf. Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002) (noting the court may consider documents submitted in support of a motion to dismiss provided they do not require authentication). Though § 1983 is a federal cause of action, the personal injury laws of the forum state determine the length of the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Illinois has a two-year statute of limitations for personal injury claims. 735 ILL. COMP. STAT. 5/13-202.

3

In order to determine whether Gilbert's claim is time-barred, the accrual date must be established. Accrual marks the date on which the statute of limitations begins to run. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). Federal law governs the question of accrual of a § 1983 claim. *Wallace v. City of Chicago*, 440 F.3d 421, 424 (7th Cir. 2006). A clear accrual rule applies to § 1983 actions for false arrest; accrual occurs at the time of unlawful arrest. *See Wallace*, 549 U.S. at 389-90; *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). Gilbert alleges his arrest arose from a shooting that occurred on August 25, 2004. Public records establish that he was taken into custody and arraigned on November 12, 2004. Dets.' Br. at Ex. A. Under the clear accrual rule, his claim would have accrued on that date, expiring on November 12, 2006.

Gilbert alleges he did not discover the misconduct that led to probable cause for his arrest until his trial. His allegation raises a question as to whether the discovery rule applies to his claim. The rule is one of federal common law, read into statutes of limitations in federal-question cases, including those cases where the statute of limitations is borrowed from state law. *Cada*, 920 F.2d at 450. The rule delays triggering of the limitations period from the date of injury to the date the injury is discovered. *Id.* District courts in this circuit have split as to whether the discovery rule still applies to § 1983 claims alleging Fourth Amendment violations after the clear accrual rule announced in *Wallace*. Compare *Thomas v. City of Chicago*, No. 07 C 4969, 2009 WL 1444439, at *3 (N.D. Ill. May 21, 2009) (Dow, J.) (collecting cases and noting application of the discovery rule to § 1983 false arrest claims is "difficult to square with the facts of *Wallace*."), with *Johnson v. Garza*, 564 F. Supp. 2d 845, 850-52 (N.D. Ill. 2008) (Shadur, J.) (finding § 1983 false arrest claim did not accrue until plaintiff discovered that he had been

4

unconstitutionally injured). However, the court need not decide this issue. Assuming, *arguendo*, the discovery rule does apply to Gilbert's claim, it would have accrued during his trial on February 14 or 15, 2006, when he allegedly learned of the police misconduct. Dets.' Br. at Ex. A; Compl. at 4-5. Under this scenario, Gilbert's claim would have expired on February 15, 2008, at the latest. Because Gilbert did not file his complaint until January 26, 2012, even under the discovery rule his claim falls far outside the limitations period. Thus, his claim is time-barred regardless of which rule applies.

2. *The equitable tolling doctrine cannot save Gilbert's claim.*

Gilbert contends that the statute of limitations should be equitably tolled. He alleges he did not discover that the facts supporting probable cause for his arrest warrant were contradictory and problematic until his criminal trial. Gilbert also argues that he "never obtained the vital information he needs" to file a complaint and has "diligently tried to obtain" the necessary documents to support his claim. Pl's. Resp. to Dets.' Br. at 9; Pl's. Resp. to City's Br. at 5. Gilbert further contends he has been under a legal disability, as demonstrated by his certified statement of conviction/disposition, having "been in custody since the events giving rise to his cause of action." Pl's. Resp. to Dets.' Br. at 9; Pl's. Resp. to City's Br. at 6. Gilbert cites Ill. Rev. Stat. Ch. 110, ¶ 13-112 for the proposition that "[I]llinois law tolls [the] statute of limitations for any person who was imprisoned on a criminal charge when his cause of action accrued." *Id.*

The doctrine of equitable tolling allows a plaintiff to avoid the bar of the statute of limitations where, despite diligent efforts, he is unable to obtain vital information concerning the existence of his claim. *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir.

5

2001). Tolling of § 1983 claims is determined by reference to state law. *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Under Illinois law, equitable tolling may be invoked if: (1) defendant actively misled plaintiff; (2) extraordinary circumstances prevented plaintiff from asserting his rights; or (3) plaintiff timely, but mistakenly asserted his rights in the wrong forum. *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 675 N.E.2d 210, 214 (Ill. App. Ct. 1996). Gilbert seems to argue extraordinary circumstances prevented him from filing his claim. If extraordinary circumstances warranting equitable tolling are identified, they must be balanced against any prejudice the delay may cause defendants. *Savory*, 469 F.3d at 673-74. Illinois courts instruct that equitable tolling principles "must be applied with caution." *Ciers*, 675 N.E.2d at 214. The Seventh Circuit has noted that equitable tolling is granted sparingly. *U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

Assuming Gilbert lacked vital information concerning the existence of his claim which prevented him from timely asserting his rights, equitable tolling still cannot save his claim. If the necessary information is gathered after the claim arose, but before the statute of limitations has run, there is a presumption that the plaintiff could bring suit within the statutory period. *Cada*, 920 F.2d at 453. Equitable tolling only furnishes plaintiff with the extra time he needs to file his claim; it does not provide an indefinite extension of time. *Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996). Gilbert alleges he was unaware of defendants' misconduct until his trial in February 2006. But at that point, Gilbert had all the information necessary to assert his claim. Even if his claim accrued on November 12, 2004, the date of his arrest, Gilbert still had over seven months within which to assert his false arrest claim after he learned of his injury. A plaintiff invoking equitable tolling to suspend the statute of limitations must sue within a

6

reasonable time after he has obtained, or by due diligence, could have obtained, the requisite information. *Cada*, 920 F.2d at 453 (finding an eight month interval from the time plaintiff acquired the necessary information until the statutory period runs out to be "huge in the circumstances"); *Banister v. City of Chicago*, No. 06 CV 5759, 2009 WL 393865, at * (N.D. Ill. Feb. 12, 2009) (Darrah, J.) (finding an interval of several months in which plaintiff could have asserted a false arrest claim precluded application of the equitable tolling doctrine). Though Gilbert argues he lacked vital information and key documents bearing on his claim, the essential inquiry is when he became aware of a possible claim. *See Cada*, 920 F.3d at 451 ("If a plaintiff were entitled to have all the time he needed to be *certain* his rights had been violated, the statute of limitations would never run– for even after judgment, there is no certainty.") (emphasis original). The court finds an interval of seven months provided Gilbert ample time within which to file his claim.

Gilbert also contends equitable tolling should apply due to legal disability on account of his continuous confinement since his claim arose. This argument is unavailing. Incarceration alone is not sufficient grounds for equitable tolling. Prisoners too can file complaints. Indeed, Gilbert was incarcerated at Pickneyville Correctional Center when he filed this case. Though Gilbert cites an Illinois statute for the proposition that incarceration is a basis for legal disability, this is no longer the law. Illinois abolished the tolling rule for persons imprisoned on a criminal charge in 1989 and the change took effect in 1991– long before the events giving rise to Gilbert's claims. *Dixon v. Chrans*, 986 F.2d 201, 204 n.3 (7th Cir. 1993).

On these facts, Gilbert's attestations of diligence are simply not plausible. Nor does his incarceration furnish an appropriate basis for applying the equitable tolling doctrine. Gilbert's

insufficient allegations of extraordinary circumstances, coupled with the prejudice that would necessarily follow from subjecting defendants to discovery of events occurring more than seven years ago leads this court to find application of the equitable tolling doctrine to Gilbert's claim is unwarranted. Because the statue of limitations has expired, Gilbert's false arrest claim must be dismissed.

C. **Malicious Prosecution**

Though defendants fail to mention Gilbert's malicious prosecution claim, the court takes up the issue *sua sponte*. Gilbert cannot maintain a § 1983 claim for malicious prosecution. The existence of a tort claim under state law precludes any constitutional theory of malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001). Illinois has a common law tort action for malicious prosecution, therefore Gilbert's claim arises under Illinois law. *Miller v. Rosenberg*, 749 N.E.2d 946, 951-52 (Ill. 2001). Where, as here, any federal claims have been dismissed before trial, generally the court should relinquish jurisdiction over pendent state law claims. *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) (citing *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir.1994)). An exception exists when the statute of limitations has run on the pendent claim. *Id.*

Under Illinois' Tort Immunity Act, local governmental entities and their employees benefit from a one-year statute of limitations for "civil actions" against them. 745 ILL. COMP. STAT. 10/8-101. The one-year limitations period applies even when the state law claims are joined with § 1983 claims. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). An action for malicious prosecution accrues when the criminal proceeding on which it is based has been terminated in the plaintiff's favor. *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004).

Gilbert contends this occurred when his conviction for aggravated battery with a firearm, the basis for his claim, was vacated by the Illinois appellate court. Public records show this occurred some time in 2008. *See People v. Gilbert*, No. 1-09-2316, slip op. at 2-3 (Ill. App. Ct. Apr. 7, 2011) (indicating Gilbert's conviction for aggravated battery with a firearm was vacated in 2008). Gilbert had until December 31, 2010, at the latest, in which to file his claim for malicious prosecution. Gilbert's complaint was not filed until January 26, 2012. Accordingly, his state law claim for malicious prosecution is time-barred. As explained above, Gilbert is not entitled to equitable tolling. His state law claim for malicious prosecution must also be dismissed.

### III. Conclusion

For these reasons, defendants' motions to dismiss are granted.

ENTER:

*[signature]*

Suzanne B. Conlon
United States District Judge

April 30, 2012